## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DASAY HOLLINQUEST**, | Case No. 2:17-cv-01423-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL PAYNE, Correctional Officer; D. SHEPPARD, Lieutenant; T. JOST, Captain; JASON BELL, Asst. Superintendent of Security; I. SILVA, Correctional Officer; FRANK SERRANO, Hearing Officer; J. GILMORE, Asst. Superintendent Correctional Rehabilitation Services; MARK NOOTH, Superintendent; STEVE FRANKE, Eastside Institution Administrator; S. GRAVES, IMU Counselor; C. MOONEY, IMU Counselor; LEONARD WILLIAMS, Inspector General; J. TAYLOR, Grievance Superintendent Asst; M. GOWER, Acting Inspector General,** | |
| Defendants. | |

**IMMERGUT, District Judge.**

Before the Court is Defendants' Motion for Summary Judgment, ECF 41. On October 19,

2020, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R"), in

which he recommended that Defendants' Motion should be granted and Plaintiff Dasay

Hollinquest's remaining claims should be dismissed without leave to amend. ECF 60 at 30.

Plaintiff filed objections to the F&R, to which Defendants responded. ECF 62; ECF 69. After de

novo review of the F&R, objections, and responses, this Court adopts the F&R in full, as

supplemented by the following analysis.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall

make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). However,

the court is not required to review, de novo or under any other standard, the factual or legal

conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140,

149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*,"

whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court adopts the F&R's summary of the facts. ECF 60 at 2–10. Plaintiff, proceeding

*pro se*, brings claims under 42 U.S.C. § 1983. ECF 2 at 4. He alleges Defendants collectively

violated his constitutional First, Eighth, and Fourteenth Amendment rights. *Id*. at 18. Defendants

moved for summary judgment on all of Plaintiff's claims, but only addressed Plaintiff's Eighth

Amendment claims in their moving papers. The F&R recommended granting summary judgment

on Plaintiff's Eighth Amendment claims against all Defendants. ECF 60 at 15–24. Further the

F&R recommended denying summary judgment on Plaintiff's First and Fourteenth Amendment

claims. Instead, the F&R recommended dismissing these claims *sua sponte* for failing to state a

claim pursuant to 28 U.S.C. § 1915(e)(2). *Id*. at 25–30. Plaintiff objects to the F&R on several

grounds, as explained further below.

## A.  New Allegations Introduced at Summary Judgment

In his response to Defendants' Motion for Summary Judgment, Plaintiff attempted to

introduce numerous new factual allegations not previously pled in his Complaint. *See* ECF 46;

ECF 47. The allegations primarily relate to Plaintiff's Eighth Amendment claims. Judge Acosta

concluded these new factual allegations should not be considered by the court because a party

cannot avoid summary judgment by alleging facts in an opposition that were not specially

alleged in the complaint. ECF 60 at 10–12; *see also Wasco Prods., Inc. v. Southwall Techs., Inc.*,

435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second

chance to flesh out inadequate pleadings.") (citation and quotation marks omitted). This Court

agrees with the F&R and concludes the new allegations should not be considered in assessing

Defendants' Motion for Summary Judgment. The Court adopts this portion of the F&R, ECF 60

at 10–12, in full.

Objecting to the F&R, Plaintiff now "asks this court to allow him to amend and[/] or

remove the evidence it deems new evidence from the original complaint." ECF 62 at 1. To the

extent Plaintiff now seeks leave to amend his Complaint at this stage of proceedings, this Court

denies Plaintiff's request. Plaintiff filed this action over three years ago, and the events giving

rise to Plaintiff's alleged Eighth Amendment harms occurred over five years ago. *See* ECF 1;

ECF 2 at 9. Following the close of discovery and the filing of dispositive motions, further

amendment along the lines Plaintiff requests would be unduly prejudicial to Defendants. *See,*

*e.g., Rice v. Comtek Mfg. of Oregon, Inc.*, 766 F. Supp. 1550, 1551 (D. Or. 1990) ("Leave to

amend may be denied when the moving party knew about the facts on which the proposed

PAGE 3 – OPINION AND ORDER

amendment was based but omitted the necessary allegations from the original pleading.")
(internal quotation marks and citation omitted).

Many of the new allegations Plaintiff seeks to introduce are supported by declarations
and grievance forms purportedly executed or filed in 2015, suggesting Plaintiff knew of the
additional allegations at the time of filing his original Complaint. Nevertheless, Plaintiff did not
seek leave of the Court to incorporate these new allegations in his Complaint, even after
Defendant filed a motion for summary judgment against his claims. The Court also notes that
Plaintiff's new evidence appears to be simply an exaggerated spin on information he knew or
should have known at the time of filing the Complaint, evincing bad faith. *See Gabrielson v.
Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (noting bad faith is a factor
governing the propriety of a motion to amend). Thus, to the extent Plaintiff now seeks leave to
amend his Complaint and incorporate new allegations in support of his Eighth Amendment
claim, his request is denied.

**B.  Eighth Amendment Claims**

Plaintiff makes several objections to the F&R's analysis regarding his Eighth
Amendment claims for excessive force, failure to protect, and deliberate indifference. Put
simply, Plaintiff argues he has established a genuine dispute of material fact regarding his Eighth
Amendment claims, precluding summary judgment. *See, e.g.*, ECF 62 at 2 ("[P]laintiff notes that
both parties 'are in sharp disagreement as to whether there was a need to apply force, what force
was used and why it was used.'") (quotation marks in original). Many of his arguments rely on
the new allegations asserted for the first time at summary judgment. Plaintiff also argues
Defendants are not entitled to qualified immunity. *See id.* The Court disagrees, and adopts this
portion of the F&R, ECF 60 at 15–24, in full.

## C.  First Amendment Claim

Plaintiff argues that the F&R misunderstood the crux of his First Amendment retaliation claim and dismissed it improperly. He asserts the claim is based on Defendant Payne's intimidation tactics, not merely the failure to suspend Defendant Payne from work. ECF 62 at 2–3. Accordingly, Plaintiff argues he has stated a claim for relief under the First Amendment. *Id.* This Court agrees with the F&R analysis regarding Plaintiff's First Amendment claim and adopts this portion of the F&R, ECF 60 at 25–27, in full. Further, this Court finds that dismissal without leave to amend is appropriate because additional amendment after the filing of dispositive motions and the close of fact discovery would unduly prejudice Defendants in this case. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (noting the need to reopen discovery and delay proceedings supports a district court's finding of prejudice); *cf. DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987) (holding amendment was not prejudicial where discovery had not closed, there was no pending trial date, and the case remained in its early stages).

## D.  Fourteenth Amendment Claim

The F&R recommended dismissing Plaintiff's Fourteenth Amendment claim *sua sponte* without leave to amend. ECF 60 at 28–31. Plaintiff does not appear to object to this portion of the F&R. The Court agrees that Plaintiff has failed to allege a violation of the Fourteenth Amendment and adopts this portion of the F&R, *id.*, in full. Additionally, the Court finds the deficiencies in Plaintiff's Complaint could not be cured by amendment, and further amendment would also unduly prejudice Defendants. Dismissal without leave to amend is therefore also appropriate.

**CONCLUSION**

The F&R, ECF 60, is adopted in full as supplemented by this Opinion & Order.

Defendants' Motion for Summary Judgment, ECF 41, is GRANTED, and Plaintiff's Eighth

Amendment claims are dismissed with prejudice. Further, Plaintiff's First Amendment and

Fourteenth Amendment claims are DISMISSED without leave to amend.

**IT IS SO ORDERED**.

DATED this 19th day of January, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge